UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEROME TIBBS, a/k/a <br> NINA HARMONY TIBBS, <br><br> Plaintiff, <br><br> v. <br><br> GENDER DYSPHORIA GROUP, et al., <br><br> Defendants. | Civil Action No. <br> 22-11849-FDS |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR EXTENSION OF TIME

**SAYLOR, C.J.**

This is an action by a state prisoner alleging violations of her civil rights. Plaintiff Jerome Tibbs, also known as Nina Harmony Tibbs, is proceeding *pro se*.

On May 2, 2023, the Court ordered that the clerk issue summonses and that the United States Marshals Service serve each defendant as directed by plaintiff. The proofs of service filed with the court on July 31, 2023, however, indicate that for several defendants, plaintiff served the summons "by certified mail." (ECF No. 14-19).[1] On August 4, 2023, plaintiff filed a motion for an extension of time until November 3, 2023, to execute service on defendants Jane Doe (also known as Dr. Garvey), John Doe, Neil Nordstrom, and James S. Thopmson, alleging that the defendants were "actively preventing" her from obtaining their "addresses and/or identities" (ECF No. 20, 1). The Court granted plaintiff's motion on August 7, 2023.

No further proofs of service were filed by the November 3 deadline. Instead, on

---

[1] Service of process cannot be effectuated by certified mail and must comply with the specific requirements outlined in Fed. R. Civ. P. 4(e).

December 19, 2023, plaintiff filed a motion for a further extension of time to "properly make and perfect service of process upon *all* defendants." (ECF No. 33, 1) (emphasis added). Again, plaintiff alleged that the defendants were "actively concealing [their] identities and contact information" and "thus . . . hindering and preventing plaintiff from making proper service of process." (*Id.* at 2).

I.      **Service of Process**

Title 28, section § 1915(d) of the United States Code and Fed. R. Civ. P. 4(c)(3) require the Court to "order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP." *See Laurence v. Wall*, 551 F.3d 92, 93 (1st Cir. 2008).[2] However, in order to execute service, the Marshal will need more information than plaintiff is likely capable of providing. It is not clear, for example, whether the DOC defendants still work at the Souza-Baranowski Correctional Center, and plaintiff currently has no reasonable way of otherwise serving them with process. *See Murray v. Pataki*, 378 Fed. Appx. 50, 52 (2d Cir. 2010) ("[I]t is 'unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.'") (quoting *Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010)); Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d)(1). Under the circumstances, the only practical method of serving defendants is for the Marshals Service to deliver the summons to their last known home addresses. Mass. R. Civ. P. 4(d)(1). However,

---

[2] In its May 2, 2023 order, the Court directed plaintiff to serve the named defendants within 90 days. (ECF No. 9). It has been more than 120 days since plaintiff filed her complaint, and the defendants have not yet been served. *See* Fed. R. Civ. P. 4(m). Nevertheless, the Court has discretion to extend the period for service of process. *Id.* Rule 4(m) directs the court to "extend the time for service for an appropriate period" when a plaintiff shows "good cause" for failing to effect service within 120 days of filing the complaint. Fed. R. Civ. P. 4(m); *see also Laurence*, 551 F.3d at 94. "[A] plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." *Laurence*, 551 F.3d at 94. Considering the difficulty an inmate would have in investigating a DOC defendant's whereabouts, there is good cause for failing to serve defendants, and plaintiff will be granted a reasonable amount of time to attempt service again. *See Rua v. Glodis,* 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011).

under Mass. Gen. Laws ch. 66, § 10, and ch. 4, § 7 cl. 26(o), defendants' home addresses are not subject to public disclosure.

This dilemma highlights two significant concerns in prisoner litigation—the security risks involved in informing prisoners of the home addresses of former or current guards, and the ability of prisoners to have access to the necessary information to pursue their claims in court. *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990).

With these considerations in mind, the Court will direct the Commonwealth of Massachusetts Department of Corrections to submit to the Court, *ex parte* and under seal, the last known home addresses of the defendants in this action. The Court will complete the service forms and will provide them, along with copies of the complaint, directly to the U.S. Marshal. *See, e.g.*, *Rua v. Glodis*, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011); *Combs v. Lehman*, 2009 WL 497124, at *2 (W.D. Wash. Feb. 24, 2009) (requiring Washington Department of Corrections to provide, under seal, addresses of retired prison employees for purposes of service by a U.S. Marshal).

Alternatively, counsel for these defendants may obtain permission and agree to accept service on their clients' behalf. *See Murray*, 378 Fed. Appx. at 52 (stating that "the district court . . . could have ordered the other defendants to contact [the unserved defendant] to see if she would accept service or to provide the [plaintiff] with [the unserved defendant's] last known address").

**II. Conclusion**

For the foregoing reasons,

1. The period for service of process is extended until 60 days from the date of this Order;

2. Within 21 days of the date of this Order, either (a) the Commonwealth of Massachusetts Department of Corrections shall submit, *ex parte* and under seal, the last

known address at which defendants may be personally served; or, alternatively, (b) counsel for defendants shall agree to accept service for defendants by filing appropriate notice of the same;

3.  Upon the submission by counsel of their last known address or filing of a notice that counsel will accept service for defendants, the Clerk shall reissue summons as to each and shall arrange for service by the United States Marshal who shall file a return receipt of service without disclosing the addresses.  The Clerk shall provide a copy of this Order to the Marshal, and shall otherwise communicate directly with the Marshal to ensure that defendants' addresses are not publicly disclosed.

**So Ordered.**

Dated: April 24, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court