UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEROME TIBBS, a/k/a <br> NINA HARMONY TIBBS, <br><br> Plaintiff, <br><br> v. <br><br> GENDER DYSPHORIA GROUP, et al., <br><br> Defendants. | Civil Action No. <br> 22-11849-FDS |

### MEMORANDUM AND ORDER OF DISMISSAL

**SAYLOR, C.J.**

This is an action by a state prisoner alleging violations of her civil rights. Plaintiff Jerome Tibbs, also known as Nina Harmony Tibbs, is proceeding *pro se*.

On May 2, 2023, the Court ordered that the clerk issue summonses and that the United States Marshals Service serve each defendant as directed by plaintiff. The proofs of service filed with the court on July 31, 2023, however, indicate that for several defendants, plaintiff served the summons "by certified mail." (ECF No. 14-19).[1] On August 4, 2023, plaintiff filed a motion for an extension of time until November 3, 2023, to execute service on defendants Jane Doe (also known as Dr. Garvey), John Doe, Neil Nordstrom, and James S. Thompson, alleging that the defendants were "actively preventing" her from obtaining their "addresses and/or identities" (ECF No. 20, 1). The Court granted plaintiff's motion on August 7, 2023.

No further proofs of service were filed by the November 3 deadline. Instead, on December 19, 2023, plaintiff filed a motion for a further extension of time to "properly make and

---

[1] Service of process cannot be effectuated by certified mail and must comply with the specific requirements outlined in Fed. R. Civ. P. 4(e).

perfect service of process upon *all* defendants."  (ECF No. 33, 1) (emphasis added).  Again, plaintiff alleged that the defendants were "actively concealing [their] identities and contact information" and "thus . . . hindering and preventing plaintiff from making proper service of process." (*Id.* at 2).

On April 24, 2024, the Court, recognizing the difficulties facing a prisoner seeking to serve DOC defendants, ordered:  (1) the extension of the period for service of process by 60 days; (2) disclosure of defendants' last known addresses by DOC within 21 days, or agreement by counsel for defendants to accept service; and (3) upon receipt of these addresses or notices, reissuance of summonses by the Clerk and service by the U.S. Marshals.

It appears that the Commonwealth and the Clerk have complied with that order, but no proof of service has been filed, despite the passage of 155 days.  Under the Federal Rules of Civil Procedure, service of process must take place within 90 days after the complaint is filed, or else "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m).  While the Court has discretion to extend the period for service of process when a plaintiff shows "good cause" for their failure to effect service, *id.*, such extensions have now been made by the Court twice in this case.  Because 95 days have passed since the latest deadline, the Court declines to grant another extension.

Accordingly, the Court will DISMISS this action as to defendants Jane Doe (also known as Dr. Garvey), John Doe, Neil Nordstrom, and James S. Thompson, for failure to effect service of process.

**So Ordered.**

                                                          /s/ F. Dennis Saylor IV
                                                          F. Dennis Saylor IV
Dated: September 26, 2024                Chief Judge, United States District Court